IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK McKINNEY,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-01-02088 |
| v. | : | (Judge Rambo) |
| **C.O. ZIHMER, et al.,** | : | |
| Defendants | : | |

## **M E M O R A N D U M**

Before the court is Defendants Zihmer, Stender, and Bloor's motion for reconsideration of the court's memorandum and order of March 23, 2010, (Doc. 168), denying their motion for summary judgment. For the reasons that follow, the instant motion, (Doc. 170), will be denied.

## I. **Background**

Plaintiff Derrick McKinney ("McKinney"), an inmate formerly confined in the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants Unit Manager William Ward, and Corrections Officers Guthrie, Zihmer, Wise, Stender, and Bloor. (Doc. 1.) McKinney alleges that Unit Manager Ward ordered the remaining Defendants to assault McKinney on two separate occasions in December 1999.

On November 29, 2001, the court *sua sponte* dismissed McKinney's complaint for failure to exhaust his administrative remedies. (Doc. 9.) McKinney appealed the decision to the Third Circuit Court of Appeals and supplemented the record with an April 26, 2000 letter from Robert Bitner, the Chief Hearing Examiner ("Bitner Letter"), acknowledging receipt of McKinney's appeal of Grievance No. CAM-0099-00. In an opinion filed on June 4, 2003, the Third Circuit concluded that the Bitner Letter could establish McKinney's compliance with the administrative exhaustion requirement and vacated the judgment of this court and remanded the case for further proceedings.[1] (*See* Doc. 39.) The Third Circuit further directed this court to serve Defendants with a copy of the complaint and the Bitner letter, and advised that on remand Defendants "may raise the defense of exhaustion of administrative remedies . . . ." (*Id.* at 5.)

Following remand, Defendants filed a motion to dismiss, or in the alternative for summary judgment of, the complaint for failure to exhaust administrative remedies. (Doc. 52.) Defendants asserted that the Bitner Letter concerned the review of Grievance No. CAM-0099-00 which addressed an alleged assault by Officer Guthrie on February 10, 2000. Defendants argued that this grievance did not relate in

---

[1] A certified copy of the opinion was issued on June 26, 2003, in lieu of a formal mandate. (*See* Doc. 39.)

any way to the allegations against the Defendants that were the basis for McKinney's complaint. As a result, Defendants contended, McKinney had failed to exhaust his administrative remedies.

On April 8, 2004, the court denied Defendants' motion, holding that although Grievance No. CAM-0099-00 referenced the February 10, 2000 assault, McKinney's claim was amended on appeal. (Doc. 74 at 12.) Specifically, in McKinney's administrative appeal to the Superintendent he alleged that he was assaulted on December 21, 1999, by Officers Guthrie and Zihmer. (*Id.*) This alleged assault was indeed part of the basis for McKinney's instant complaint. As a result, the court denied summary judgment as to all Defendants and directed them to file an answer to McKinney's complaint. (*Id.* at 15.)

After Defendants filed an answer and the parties engaged in a period of discovery, Defendants filed another motion for summary judgment on March 23, 2006. (Doc. 97.) The court denied the motion on December 8, 2006, finding that a genuine issue of material fact existed since the declarations of the parties were at odds as to whether McKinney was unjustifiably beaten in December 1999. (Doc. 111.) Further, the court granted summary judgment as to Unit Manager Ward because the record was devoid of any evidence supporting McKinney's claim against him. (*Id.*)

3

As the case moved toward trial scheduled in March 2007, all parties filed pretrial memoranda. (Docs. 127 & 132.) Defendants included in their pretrial memorandum the assertion that McKinney had failed to exhaust his administrative remedies with respect to Defendants Zihmer, Wise, Stender, and Bloor. (Doc. 127.) Following a pretrial conference on March 20, 2007, the court issued an order reversing the prior denial of summary judgment with respect to those Defendants. (Doc. 139.) The parties continued to trial with regards to Officer Guthrie. On April 3, 2007, a jury returned a verdict in favor of Officer Guthrie and against McKinney. (Doc. 150.)

On April 27, 2007, McKinney filed a notice of appeal regarding the dismissal of Defendants Zihmer, Wise, Stender, and Bloor; the grant of summary judgment as to Defendant Ward; the jury verdict for Officer Guthrie; and the denial of a discovery request. (Doc. 154.) On February 2, 2009, the Third Circuit affirmed the court's order and judgment regarding the dismissal of Defendant Ward, the verdict for Officer Guthrie, and the order regarding discovery, but vacated the court's order entered on March 20, 2007, which granted summary judgment in favor of Defendants Zihmer, Wise, Stender, and Bloor due to McKinney's failure to exhaust administrative remedies. (Doc. 161.) A mandate issued on February 25, 2009. (Doc. 163.)

On March 4, 2009, the court directed the remaining Defendants to file a brief in support of a grant of summary judgment in their favor. (Doc. 164.) Defendants filed their brief in support on March 24, 2009. (Doc. 165.) McKinney filed a response. (Doc. 166.)

By memorandum and order dated March 23, 2010, the court granted the motion for summary judgment with respect to Defendant Wise and denied the motion with respect to Defendants Zihmer, Stender, and Bloor. (Doc. 168.) Specifically, the court found that McKinney had complied with the PLRA's exhaustion requirement with respect to Defendants Zihmer, Stender, and Bloor because the Office of Professional Responsibility ("OPR"), by way of a consolidated investigation with the Security Office, the only office McKinney had to report his abuse allegations to under DOC Policy DC-ADM 001, had examined McKinney's complaint on the merits. Thus, the court denied summary judgment as to those defendants. In addition, the court issued a separate order setting case management deadlines and placing the case on the October 2010 trial list. (Doc. 169.)

Consequently, Defendants Zihmer, Stender, and Bloor filed the instant motion for reconsideration. (Doc. 170.) In their motion, these Defendants again argue McKinney failed to exhaust his administrative remedies with respect to his claims of

abuse. Specifically, they claim that a report of abuse through DC-ADM 001 does not satisfy the exhaustion requirements under the PLRA. After careful review, the court will deny the motion.

**II.** **Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*,

915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Defendants Zihmer, Stender, and Bloor have not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, these Defendants' arguments with respect to exhaustion under DOC Policy DC-ADM 001 or DC-ADM 804 do not constitute new evidence that was unavailable when the court entered judgment. Furthermore, the court remains confident that the analysis set forth in the March 23, 2010 memorandum and order is sound. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo
                                        United States District Judge
Dated: April 13, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK McKINNEY,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-01-2088 |
| v. | : | (Judge Rambo) |
| **C.O. ZIHMER, et al.,** | : | |
| Defendant | : | |

## **O R D E R**

**AND NOW**, this 13th day of April, 2010, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 170) is **DENIED**.

                                                               s/Sylvia H. Rambo
                                                            United States District Judge